808 F.2d 219
 Rolf LUNDE, Plaintiff-Appellant,
v.
Marion B. OLDI and Antonia D'Apice, as Commissioner of
Elections, Constituting the Board of Elections, County of
Westchester and as such the Board of Canvassers of the
County of Westchester, Defendants-Appellees.
Gerald K. Geist, Intervenor-Defendant.
 No. 1496, Docket 86-7340.
 United States Court of Appeals,
Second Circuit.
 Argued July 17, 1986.
Decided Dec. 26, 1986.
 
 Guy T. Parisi, Rye Brook, for plaintiff-appellant Rolf Lunde.
 Henry Logan, Westchester Co. Atty., White Plains, for defendants-appellees.
 Jay B. Hashmall, White Plains, for intervenor-defendant Gerald K. Geist.
 Before WINTER and MAHONEY, Circuit Judges, and ZAMPANO, District Judge.*
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the United States District Court for the Southern District of New York, Brieant, J., dismissing Lunde's action under 42 U.S.C. Sec. 1983 against the elections officials of the County of Westchester.
 
 I.
 
 2
 On November 5, 1985, Lunde, a duly qualified voter, attempted to cast his ballot in the election for Town Councilman in North Castle, New York. The poll ledger, however, failed to record his name as an eligible voter and therefore, pursuant to New York State Election Law Sec. 8-302(3)F(ii), he was not allowed to vote by machine, but was permitted to vote by an "affidavit ballot."
 
 
 3
 In order to vote by an affidavit ballot, the voter must execute an affidavit indicating: that he is duly registered to vote, the address of the election district from which he is registered, that he remains a duly qualified voter, that his registration poll record appears to be lost or misplaced, and that his statements are signed under the penalty of perjury.
 
 
 4
 After Lunde's affidavit was completed by the Election Officer at the polling place, Lunde read the statements, signed the affidavit, and cast his vote on the paper ballot provided. Subsequently, the Board of Elections refused to count Lunde's vote because it was discovered that the affidavit was incorrectly completed.[1]
 
 
 5
 Thereafter the losing candidate for Town Councilman, William H. McClure, brought suit in state court to challenge the Board of Election's failure to count several absentee and affidavit ballots, including Lunde's. Ultimately, the Appellate Division of the New York State Supreme Court ruled that, because Lunde did not comply with the clear mandate of the New York Election Law, his vote should not be counted.
 
 
 6
 Lunde then instituted this Sec. 1983 suit alleging that the election officials of Westchester County had deprived him of his right to vote in contravention of the Due Process Clause of the Fourteenth Amendment. After permitting the winning candidate for Town Councilman, Gerald K. Geist, to intervene as a defendant, Judge Brieant dismissed the action. The district court found that Lunde was collaterally estopped from attempting to adjudicate the validity of the certificate of election issued to Geist as a result of the decision of the New York state court, that Lunde was guilty of laches in failing to seek appropriate interim relief, that the provisions of New York state law relied on by the state court to void Lunde's vote were not facially unconstitutional or discriminatory in any way, and that official negligence ordinarily will not lead to recovery under the civil rights law.
 
 
 7
 We find that the final ground stated by Judge Brieant was alone sufficient to require dismissal of Lunde's complaint, and accordingly we need not reach the other bases supporting the dismissal.
 
 
 8
 Two recent Supreme Court cases, Davidson v. Cannon, --- U.S. ----, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); and Daniels v. Williams, --- U.S. ----, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), addressed the issue when tortious conduct by state officials rises to the level of a constitutional tort. Both were Sec. 1983 actions by prisoners alleging that negligence on the part of prison officials resulted in a deprivation of their "liberty" interests in freedom from bodily injury and personal security without due process of law. The Supreme Court held that the protections of the Due Process Clause, whether procedural or substantive, are simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property. Davidson, 106 S.Ct. at 671; Daniels, 106 S.Ct. at 663.[2]
 
 
 9
 Reviewing the history of the Due Process Clause in Daniels, the Court explained that it was intended to secure the individual from abusive government conduct, something quite remote from lack of due care which suggests no more than a failure to measure up to the conduct of a reasonable person. Id. at 665. "To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. "The guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials." Davidson, 106 S.Ct. at 670.[3]
 
 
 10
 In the instant case, Lunde does not allege that the election officials acted in an intentional, reckless or grossly negligent manner. He concedes that they were at most negligent.[4] Because in any given Sec. 1983 suit the plaintiff must prove a violation of the underlying constitutional right, Daniels, 106 S.Ct. at 664, and because merely negligent conduct is not sufficient to state a claim under the Due Process Clause, we find that Lunde's complaint was properly dismissed.
 
 
 11
 Affirmed.
 
 
 
 *
 The Honorable Robert C. Zampano, Senior United States District Judge for the District of Connecticut, sitting by designation
 
 
 [1]
 A blank on the affidavit was incorrectly filled in with the location of the polling place, rather than Lunde's address
 
 
 [2]
 Daniels overruled Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), to the extent that Parratt stated that mere lack of due care by a state official may "deprive" an individual of life, liberty or property under the Fourteenth Amendment. 106 S.Ct. at 665
 
 
 [3]
 To the extent that Williams v. Sclafani, 444 F.Supp. 906 (S.D.N.Y.), aff'd without opinion sub nom. Williams v. Velez, 580 F.2d 1046 (2d Cir.1978), differs with the Supreme Court's holdings in Davidson and Daniels, Williams is no longer good law
 
 
 [4]
 In Daniels, the Supreme Court expressly declined to consider whether something less than intentional conduct, such as recklessness or gross negligence is enough to trigger the protections of the Due Process Clause. 106 S.Ct. 667 at n. 3. Further, the Court did not rule out the possibility that there are other constitutional provisions that would be violated by mere lack of due care. Id. at 666